UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00373-FDW-DCK

| | |
|---|---|
| CARMEN WAITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| PERFECT FIT INDUSTRIES, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Plaintiff's First Through Fourth and Sixth Causes of Action (Doc. No. 11) and Plaintiff's Motion to Remand (Doc. No. 14). Both motions are fully briefed and ripe for review. Having fully considered the arguments, the record, and the applicable authority, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff filed her original Complaint on December 20, 2016, in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina, asserting that Defendant, her employer, failed to pay her "Separation Payments" and "Incentive Compensation" as required by her employment agreement. (Doc. No. 1-2). Plaintiff asserted four state law causes of action for: (1) breach of contract; (2) violation of the North Carolina Wage and Hour Act (NCWHA) based on Defendant's denial of Separation Payments; (3) anticipatory breach of contract; and (4) violation of the NCWHA based on Defendant's denial of Incentive Compensation. (Id.) Plaintiff served Defendant with a copy of the Summons and Complaint on December 29, 2016.

Defendant filed its initial Answer to Plaintiff's Complaint on March 1, 2017. (Doc. No. 1-7). Defendant filed an Amended Answer on March 30, 2017, in which it asserted that "each of [Plaintiff's] causes of action is preempted by ERISA as a matter of law." (Doc. No. 1-9, p. 9). Thereafter, on April 13, 2017, Defendant filed a Motion for Judgment on the Pleadings, arguing that each of Plaintiff's claims were subject to dismissal because they were preempted by ERISA. (Doc. No. 1-11).

Plaintiff then filed a Motion for Leave to Amend Complaint to allege two alternative causes of action based on ERISA in the event that the court found ERISA preempted her state law claims. (Doc. No. 1-17). The court granted Plaintiff's motion in a Consent Order, (Doc. No. 1-19), and Plaintiff filed and served Defendant with a copy of her Amended Complaint on June 15, 2017, (Doc. No. 1-21). Defendant removed the case to this Court on June 30, 2017, pursuant to 28 U.S.C. §§ 1446, 1331, and 1441, (Doc. No. 1), and filed a motion to dismiss arguing essentially that Plaintiff's state law claims are preempted by ERISA. Plaintiff subsequently filed the instant Motion to Remand, arguing that (1) Defendant's removal was untimely and (2) ERISA does not apply to her claims.

## II. DISCUSSION

The Court first considers whether Defendant's removal was timely. Under 28 U.S.C. § 1446, a defendant has a narrow window of time—thirty days—to remove a case to federal court. Defendant contends the thirty-day clock started on June 15, 2017, when Plaintiff filed her Amended Complaint asserting two alternative claims under ERISA. Plaintiff, on the other hand, argues that the thirty-day clock started upon Defendant's receipt of the original Complaint on December 29, 2016, or at the latest, on March 30, 2017, when Defendant amended its answer to assert that Plaintiff's claims were preempted by ERISA.

Under 28 U.S.C. § 1446, which establishes the procedure for removal of a civil action from a state court:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3). Thus, "only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). When "the case '*stated* by the initial pleading' [is] not removable, . . . the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal." Id. Courts are not required "to inquire into the subjective knowledge of the defendant" but may "rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper." Id.; see also Andrews v. Daughtry, 994 F. Supp. 2d 728, 734 (M.D.N.C. 2014) (concluding the defendant's notice of removal was untimely when he represented to the court that he knew he had grounds for removal earlier in the case).

Here, assuming without deciding that ERISA preempts Plaintiff's state law claims, the Court concludes that Defendant's Amended Answer and Motion for Judgment on the Pleadings provide objective evidence that Defendant knew this case was removable as of March 30, 2017, when Defendant filed its Amended Answer. In its Amended Answer and Motion for Judgment on

the Pleadings, Defendant asserted that Plaintiff's state law claims were preempted by ERISA. Logically, then, Defendant had ascertained that the case was removable at that time. Arguably, the fact that Defendant asserted in its Amended Answer that Plaintiff's claims are preempted by ERISA demonstrates that Defendant knew the case was removable as early as December 29, 2016, when it received service of the original Complaint. Regardless of whether Defendant had notice of the grounds for removal on December 29, 2016, or March 30, 2017, its thirty-day deadline for removal expired well before it filed its Notice of Removal on June 30, 2017.

Defendant nevertheless argues that the Court should deny Plaintiff's Motion to Remand because this Court has exclusive jurisdiction over Plaintiff's sixth cause of action for breach of fiduciary duty under ERISA, and Plaintiff only asserted that claim in her Amended Complaint. Exclusive federal jurisdiction, however, is not a basis for ignoring the procedural requirements of the removal statutes. See, e.g., Malone v. Malone, No. CIV 06-1629-AS, 2007 WL 789449, at *5 (D. Or. Mar. 13, 2007) ("Even if Plaintiff stated [an ERISA] claim clearly falling under exclusive federal court jurisdiction, . . . this case would *still* be remanded because the removal was defective."). Moreover, Plaintiff's Amended Complaint did not change the nature of her original claims for removal purposes. See Rolan v. New W. Health Servs., No. CV 15-51-H-CCL, 2016 WL 829914, at *9 (D. Mont. Mar. 1, 2016) ("Changes to a complaint that creates a new basis for removal do not undo the original waiver . . . [and] subsequent events do not make it 'more removable' or 'again removable.'").

Accordingly, even assuming Plaintiff's claims arise under ERISA and provide a basis for federal removal jurisdiction, Defendant's Notice of Removal was untimely, and therefore, remand is warranted. In light of this conclusion, the Court lacks jurisdiction to consider Defendant's Motion to Dismiss, which will be denied as moot.

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Remand (Doc. No. 14) is GRANTED and the case is REMANDED to the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's First Through Fourth and Sixth Causes of Action (Doc. No. 11) is DENIED AS MOOT.

The Court respectfully directs the Clerk's office to close this case.

IT IS SO ORDERED.

Signed: August 30, 2017

Frank D. Whitney
Chief United States District Judge